STATE OF VERMONT
ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re Clark NOV Appeal | } | Docket No.    16-1-06 Vtec |
| | } | |
| | } | |

## Interim Order

This matter concerns the appeal by Donald and Jenny Clark of the Decision by the Town of Addison Zoning Board of Adjustment to uphold the Notice of Violation letter issued by the Addison Administrative Officer on October 8, 2005.  In the course of establishing a procedural schedule for this appeal, the Court ordered the parties to engage in mediation.  After several requests to extend the time to complete their mediation or settlement discussions, the Town of Addison (Town) and Mr. and Mrs. Clark filed a Stipulation whereby those parties agreed to remove certain language from a previous permit and then file a further stipulation that this appeal would be dismissed "without prejudice."

Several months after this appeal was filed, neighbors Leon and Deborah Laframboise and Phillip and Jane Grace (hereinafter collectively referred to as "Neighbors") submitted their pro se notices of appearance and letters to the Court.  In their letters, the Neighbors asserted that they were not clearly notified of their rights to participate in this appeal or in the mediation, and were not notified of when the mediation would occur.  The Neighbors further expressed an objection to the terms of the Stipulation.  The Court therefore conducted a site visit and hearing on Friday, September 22, 2006, solely on the issue of whether the Stipulation should be accepted into evidence and whether the Court should follow its dismissal recommendation.

At the September 22nd hearing, Mr. and Mrs. Clark were represented by Fritz Langrock, Esq.  The Neighbors represented themselves.  Prior to the hearing, the Town's attorney, Donald R. Powers, Esq., advised that the Town had requested that he not participate in the hearing, so as to minimize the Town's legal expenses.

The Court took evidence and arguments offered by the Clarks and the Neighbors.  Upon the close of evidence, the Court took a brief recess so as to deliberate, and then returned to recite its factual findings and decisions on the record of the September 22nd hearing.  What follows is a summary of its announced oral decisions:

1.      The Court first observed that there appears to be several unresolved disputes between the Clarks and the Neighbors, only some of which this Court has authority to consider.  The Court noted that its jurisdiction in this appeal is limited to the very narrow issue of whether the October 8, 2005 Notice of Violation should be upheld.  The Court made clear to the parties that while they may engage in further mediation or voluntary discussions to resolve their remaining disputes concerning the use of the shared driveway or the propriety of actions by the Town Selectboard, this Court is without the jurisdictional authority to address such disputes.

2.      The Court also denied Attorney Langrock's oral motion to deny the Neighbors party status in this proceeding.  The Neighbors concede that they delayed the filing of their appearances in this matter until well after the appeal was under way.[*]  Normally, a party must file a formal request or motion to intervene in an appeal when that party fails to file their notice of appearance within 20 days after receiving notice of an Environmental Court appeal.  See V.R.E.C.P. 5(c); see also V.R.C.P. 24.  While the Neighbors here concede that they did not timely file their notices of appearance and did not file an intervention motion, the Court exercised its discretionary authority to allow the Neighbors to intervene at this late date.  While the Court will not allow issues to be presented that are beyond the scope of the limited jurisdiction in this appeal, the Court believes that the Neighbors' participation will allow for a full adjudication of whether the notice of violation should be upheld.

3.      The Stipulation entered into by the Clarks and the Town is an admissible document that was properly presented for the Court's consideration at the September 22nd hearing.  It may also be relied upon by the Clarks if and when a hearing on the merits is held.  The Stipulation represents an agreement reached in the course of mediation, after notice of the appeal was sent to the Neighbors, who for whatever reason chose not to enter their appearance in a timely fashion.[†]

---

[*]  The Clarks filed their Notice of Appeal on January 30, 2006.  By certified letters dated February 16 and 22, 2006, the Clarks sent notices of their appeal to all interested persons identified by the Town, pursuant to V.R.E.C.P. 5(b)(4)(A).  The Court issued its initial Scheduling Order on March 23, 2006.  The Neighbors did not enter their appearances until June 12, 2006; their notice filing was therefore well beyond the requirement placed upon interested persons by V.R.E.C.P. 5(c) to file their appearance within 20 days after receiving notice.  The Neighbors then filed their respective objections to the Stipulation on July 20 and 21, 2006.

[†]  While the Clarks' notice to the neighbors satisfied the requirements of V.R.E.C.P. 5(b)(4)(A), it is understandable why the Neighbors didn't realize that they must immediately act if they wished to participate or receive further notice about the proceedings.  Unlike civil actions in Superior Court, appellants in Environmental Court are not required to serve prospective parties with a summons that specifies that failure to file an appearance within 20 days may result in a relinquishment of rights.  Compare V.R.C.P. 4.  Nonetheless, any person who receives notice of the initiation of litigation that may impact upon some right of theirs, including a property right, has a duty to immediately respond.  The Neighbors in this case chose not to do so.

Thus, the mediation was conducted with the participation of all parties who had then appeared in this appeal.

4. The Neighbors have now been granted party status in this proceeding. As a consequence of their participation in the September 22nd hearing, it became apparent to the Court that even if all terms of the Stipulation were adopted, the possibility still remains that the evidence presented at trial could support a determination that the notice of violation challenged here should be upheld in this de novo proceeding. In particular, the suggestion that Mr. Clark's employees, in addition to Mr. Clark, use the Clarks' residential property to both park their personal vehicles and pick up and drop off trucks and other equipment used in connection with Mr. Clark's business may be a foundation for upholding the Administrative Officer's October 8, 2005 determination that such activities constituted a commercial use of residential property for which a conditional use permit is required.

In light of this final determination, the Court **DENIED** the Clarks' request that their appeal be dismissed according to the terms of their Stipulation with the Town.

This matter will now proceed to trial. A specific date for trial will be determined in a pre-trial telephone conference to be conducted by the Environmental Court Case Manager, after notice to all parties. The parties should be prepared to discuss possible trial dates and length of trial. The Court encourages the parties to use the intervening time to engage in further settlement discussions. The Court did not order the parties to engage in further mediation, but encourages the parties to voluntarily agree to do so, if direct discussions prove unsuccessful.

Done at Berlin, Vermont, this 5th day of October, 2006.

_____
Thomas S. Durkin, Environmental Judge